**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO TOP ORGANICS—ULTRA HEALTH, INC.,
a New Mexico corporation,
JACOB R. CANDELARIA, on behalf of himself and all others similarly situated,
MATIAS TRUJILLO, as father and guardian of MT, a minor,
and on behalf of himself and all others similarly situated,
ERICA ROWLAND, on behalf of herself and all others similarly situated, and
ARIEL MCDOUGAL, on behalf of herself and all others similarly situated,

      **Plaintiffs,**

vs.                                     **1:22-cv-00546-KG-LF**

BLUE CROSS AND BLUE SHIELD OF NEW MEXICO,
PRESBYTERIAN HEALTH PLAN, INC.,
a New Mexico corporation, and
WESTERN SKY COMMUNITY CARE, INC.,
a New Mexico corporation,

      **Defendants.**

## PLAINTIFFS' MOTION TO REMAND

The Court lacks subject matter jurisdiction over Plaintiffs' First Amended Complaint, Doc. 22, filed August 19, 2022,[1] and must remand for three reasons.

First, the Employee Retirement Income Security Act ("ERISA") only completely preempts state law causes of action to enforce benefits under ERISA plans for a participant or beneficiary of an ERISA plan. Here, Plaintiffs' First Amended Complaint explicitly carves out any causes of action against ERISA plans by defining out of the putative class any "participant or beneficiary"

---

[1] Plaintiffs' First Amended Complaint does not include as Plaintiffs Tomas Lorenzo Valencia or Bryce Preston Bryant-Flynn, and does not include as Defendants True Health New Mexico, Inc. and Cigna Health and Life Insurance Company, the corresponding group insurance plan insurers. As well, Molina Healthcare of New Mexico, no longer is a Defendant.

of an ERISA plan. Nor do the class representatives have ERISA plans. Accordingly, the Court does not have federal question jurisdiction based on ERISA complete preemption.

Second, even though the Class Action Fairness Act ("CAFA") confers federal jurisdiction over certain removed state class action lawsuits, the court must remand if the suit involves a local controversy where (1) two-thirds of the proposed class are state citizens, (2) the class seeks significant relief from at least one significant defendant who is a citizen of the state, and (3) the principal injuries as to each plaintiff were incurred in the state.  All these criteria are met here because (1) every single member of the putative class is a New Mexico citizen, (2) Plaintiffs seek significant relief from a significant local Defendant, and (3) by definition, all the putative class members' injuries arise in New Mexico.

Third, a defendant cannot properly effect removal just because a federal defense might exist, such as (non-complete) ordinary preemption, or just because the case might touch on federal issues. Here, Defendants claim this case raises substantial and disputed issues of federal law. However, Defendants only identify federal defenses, which at best only amount to ordinary preemption defenses based on claimed conflicts with the Controlled Substances Act or with Medicaid law. The Court must remand because ordinary preemption cannot confer removal jurisdiction and no substantial federal question sufficient to confer jurisdiction exists.

I.    **PROCEDURAL HISTORY**

On June 10, 2022, Plaintiffs filed their original complaint in the Second Judicial District Court in the State of New Mexico.  On June 23, 2022, the New Mexico Office of the Superintendent of Insurance accepted service for each defendant.  On August 22, 2022, Defendants timely filed their Notice of Removal as to the original complaint. *See* Notice of Removal, Doc. 1.

Under both the New Mexico Rules of Civil Procedure and the Federal Rules of Civil Procedure, a plaintiff may amend a complaint once as a matter of course. Rule 1-015(A) NMRA ("A party may amend its pleading once as a matter of course at any time before a responsive pleading is served"); Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

To date, no Defendant has filed a responsive pleading or motion.  Instead, on July 28, 2022, the parties filed a Notice of Agreed Extension (Doc. 9), extending Defendants' time for filing responsive pleadings or motions.  Accordingly, Plaintiffs filed their First Amended Complaint ("FAC") on August 19, 2022. Doc. 22, Aug. 19, 2022. The First Amended Complaint seeks a determination that, under New Mexico law, insurance plans that cover behavioral health services must fully cover medical cannabis for treatment of behavioral health conditions. FAC, Doc. 22 at 1.  Participants or beneficiaries of health insurance plans governed by ERISA are not members of and are not seeking relief as part of the putative class defined in this lawsuit. *Id.*

Plaintiffs have at least thirty days from the date of removal to file a motion to remand. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Plaintiffs have thus timely filed this motion to remand for lack of subject matter jurisdiction.

## II.    ARGUMENT

Defendants' three grounds for removal jurisdiction fail.  Defendants have removed under 28 U.S.C. § 1331, claiming that the Court has original jurisdiction over Plaintiffs' claims, even

though Plaintiffs nowhere state a federal cause of action.  Defendants' Notice of Removal first claims that ERISA completely preempts the causes of action for former named Plaintiffs who Defendants asserted had ERISA plans in conclusory argument.  Defendants have also removed under 28 U.S.C. § 1332(d)(2), known as the Class Action Fairness Act ("CAFA"), which allows for removal of a class action when there is minimal diversity and the amount in controversy exceeds $5,000,000. Lastly, Defendants argue that unknown and unspecified sections of the Controlled Substances Act ("CSA") and certain sections of federal Medicaid law will prevent them from complying with the relief sought here, resulting in substantial federal questions under 28 U.S.C. § 1331.  All three grounds fail because (a) Plaintiffs have no federal causes of action, (b) the alleged ERISA Plaintiffs have been removed from the First Amended Complaint,[2] (c) the local controversy exception applies for CAFA, and (d) the federal issues only arise as affirmative defenses that cannot confer federal jurisdiction.

### a.   There is no federal question on the face of the First Amended Complaint.

"The presumption is against removal jurisdiction." *Rio Rancho Pub. Sch. Bd. of Educ. v. New Mexico Pub. Educ. Dep't*, 353 F. Supp. 3d 1145, 1150 (D.N.M. 2018) (Johnson, J.) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). "The removing party has the burden to demonstrate the appropriateness of removal." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). "All doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Under the well-pleaded complaint rule, "it must be clear from the face of the plaintiff's complaint that there is a federal question." *Devon Energy Prod. Co., L.P. v. Mosaic Potash*

---

[2] Plaintiffs do not concede that the health insurance plans for former Plaintiffs Tomas Lorenzo Valencia and Bryce Preston Bryant-Flynn are governed by ERISA, and upon information and belief assert they are not. But the Court need not decide this issue since the class definition does not include participants or beneficiaries of ERISA plans.

*Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.2.3, at 295 (6th ed. 2012)).  When a plaintiff has stated no federal claims in a well-pleaded complaint, "to invoke federal-question jurisdiction, [Defendants] must meet [their] burden and show that at least one of two recognized exceptions to the well-pleaded complaint rule is applicable—either (1) that [Plaintiffs'] state-law claims are completely preempted, or (2) there is a substantial, disputed federal-law issue necessarily embedded in [Plaintiffs'] state-law claims." *Devon*, 693 F.3d at 1203-04.  Here, Plaintiffs have stated no federal causes of action.

### b. Plaintiffs and the proposed class in the First Amended Complaint have no standing to bring an action under ERISA § 502(a)(1)(B) and thus ERISA does not completely preempt any causes of action.

The Employee Retirement Income Security Act of 1974 ("ERISA") is a vast law with two preemption statutes that are distinct in their effect on removal jurisdiction. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1156 (10th Cir. 2004).  It is well-settled that cases cannot be removed based on affirmative defenses of normal preemption (including conflict preemption)—they can only be removed if there is "complete" preemption of a state law cause of action. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011) (distinguishing ordinary preemption as a federal defense that does not render a state-law claim removable to federal court from complete preemption that makes a state-law claim "purely a creature of federal law" and thus removable from state to federal court from the outset); *Felix*, 387 F.3d at 1153.  For that reason, under ERISA's preemption statutes, it is well-settled that cases are not removable just because there may be an affirmative defense that ERISA § 514(a) (codified at 29 U.S.C. § 1144) substantively preempts a state law. *Hansen*, 641 F.3d at 1221 ("[§ 514(a)] creates a federal defense of preemption to a substantive state-law claim that may be asserted in either state or federal court, but it does not of its own force create federal jurisdiction").  State court cases are only removable to the extent

that ERISA's enforcement provision in § 502(a)(1)(B) (codified at 29 U.S.C. § 1132(a)(1)(B)) completely preempts the state law causes of action. *Id.*

However, ERISA § 502(a) only completely preempts state law causes of action for plaintiffs that would have standing to bring an enforcement action under § 502(a)(1)(B) to obtain the same relief. *Id.* at 1221-1222. And only "participants or beneficiaries" of ERISA plans have standing under § 502(a)(1)(B). *Id.*   Thus, the subject-matter jurisdiction of the district court depends on whether a plaintiff would have had standing to bring his suit under § 502(a)(1)(B) of ERISA. *Id.* at 1222.  Said another way, "if the party seeking state-court relief is not a 'participant or beneficiary' under an ERISA plan, he or she could not have brought suit under § 502(a)(1)(B) of the statute, and thus any state law claim brought by such a person would not be completely preempted." *Id. See also Wallace v. Cooper*, Civ. No. 18-768 SCY-KBM, 2019 WL 1208550, at *3 (D.N.M. Mar. 14, 2019) (remanding because "Plaintiff's claim cannot be recharacterized as a § 502(a) claim because she lacks standing to sue under this provision. She is neither a participant nor a beneficiary of an ERISA plan.").

In this case, Plaintiffs' First Amended Complaint expressly excludes any potential class members who are a "participant or beneficiary" of an ERISA plan. FAC, Doc. 22 at 19-20, ¶¶ 117, 120.  As a consequence, the state law claims are not completely preempted because no class member has standing to bring suit under § 502(a)(1)(B) of ERISA.  The First Amended Complaint is not removable under a theory of ERISA complete preemption and the Court must remand for lack of subject matter jurisdiction.

### c. The Class Action Fairness Act ("CAFA") does not apply because Plaintiffs claims are entirely a local controversy under 28 U.S.C. § 1332(d)(4)(A), requiring the Court to remand.

The Local Controversy Exception to CAFA applies in this case, contrary to Defendants' assertions. Section 1332(d)(4)(A) mandates that:

A district court shall decline to exercise jurisdiction under paragraph (2)--

(A)(i) over a class action in which--

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

> (II) at least 1 defendant is a defendant--

>> (aa) from whom significant relief is sought by members of the plaintiff class;

>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

>> (cc) who is a citizen of the State in which the action was originally filed; and

> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4)(A).

"The purpose of each of these criteria is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others." *Adams v. Eagle Rd. Oil LLC*, 403 F. Supp. 3d 1197, 1201 (N.D. Okla. 2019) (quoting *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009). That is because "class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes." *Coffey*, 581 F.3d at 1243 (quoting S. Rep. No. 109-14, at 39 (2005)). The party seeking remand is only required to "show the applicability of a CAFA exception by a preponderance of the evidence." *Nichols v. Chesapeake Operating, LLC*, 718 F.App'x 736, 740 (10th Cir. 2018).  A federal district court must decline to exercise jurisdiction under CAFA if the plaintiffs can satisfy all three of these requirements by a preponderance of the evidence. *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1264–65 (10th Cir. 2014).  Here, this case is truly a local controversy that only affects New Mexico citizens and only arises under New Mexico law.

To start, Plaintiffs' proposed class has always only included qualified patients under the Lynn and Erin Compassionate Use Act ("LECUA"). LECUA defines "qualified patient" in part as "a resident of New Mexico . . . ." N.M. Stat. Ann. § 26-2B-3(N). There is no dispute that well over the required 2/3 of the proposed plaintiff class are New Mexico citizens. Even if residency is not mechanically equivalent to citizenship, Plaintiffs' define their class only to include New Mexico citizens, resolving any difference between these two legal definitions here. FAC, Doc. 22 at 19-20, ¶¶ 117, 120. Clearly Plaintiffs satisfy subparts I and III of the exception, since the class only consists of New Mexico citizens who have paid for their own medical cannabis in New Mexico.

Defendants have claimed the Plaintiffs are unable to "prove that at least one defendant is a defendant (1) 'from whom significant relief is sought by members of the plaintiff class,' (2) 'whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class,' and (3) 'who is a citizen of' New Mexico.'" Notice, Doc. 1 at 11, ¶ 25.

The Court may also easily dispense with the argument that no Defendant is a citizen of New Mexico. Plaintiffs have named two of three defendants in the First Amended Complaint that are incorporated and have their principal place of business in New Mexico. FAC, Doc. 22 at 5, ¶¶ 19-22. *See Coffey*, 581 F.3d at 1245 (noting that corporations are "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Presbyterian Health Plan, Inc. and Western Sky Community Care are both incorporated in and have their principle place of business in New Mexico.[3] Consequently, there is at least one defendant "who is a citizen of New Mexico."

---

[3] According to the New Mexico Secretary of State's Office each of the listed Defendants are incorporated in New Mexico and provided their principal place of business or mailing address as New Mexico. Current as of August 3rd, 2022. Presbyterian Health Plan, Inc.'s principal place of business is 9521 San Mateo Blvd. NE, Albuquerque, NM

Similarly Plaintiffs easily satisfy the "significant relief" and "significant basis" requirements.  These two requirements ensure there is at least one local defendant "whose alleged conduct is central to the class's claims and from whom the class seeks significant relief." *Woods*, 771 F.3d at 1266 (quoting S. Rep. No. 109-14, at 28 (2005)). "The local defendant must be a primary focus of the plaintiffs' claims—not just a peripheral defendant." *Id.* (quoting S. Rep. No. 109-14, at 38 (2005)). "The defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership), as well as being a defendant whose alleged conduct forms a significant basis for the claims asserted by the class." *Id.* The Tenth Circuit strictly interprets this requirement "so that plaintiffs and their attorneys may not defeat CAFA jurisdiction by routinely naming at least one state citizen as a defendant, irrespective of whether that defendant is actually a primary focus of the litigation." *Id.* at 1265.

As a point of contrast, in *Woods*, the Tenth Circuit determined the local controversy exception did not apply because there was no "significant basis" for the local defendant to be in the lawsuit. There, the local defendant was simply a customer service agent for the insurance provider who was the real target of the controversy. *Woods*, 771 F.3d at 1267. This case is completely different from *Woods*.  Here, Plaintiffs are not targeting a peripheral customer service agent.  The Plaintiffs are targeting the insurance companies themselves—the decision makers and entities who are responsible for the refusal to provide insurance coverage for medical cannabis as a behavioral health service. Plaintiffs have not named any peripheral defendants. Both local Defendants are a primary focus of the litigation, and their conduct forms a "significant basis" for the asserted claims.

---

87113; and Western Sky Community Care, Inc.'s principal place of business is 5300 Homestead Rd NE, Albuquerque, NM 87110.

Plaintiffs also seek "significant relief" from a significant local Defendant: Presbyterian

Health Plan, Inc.  A substantial share of the entire class are Medicaid participants, and more

Medicaid participants in New Mexico have plans with Presbyterian Health Plan, Inc., the largest

health insurer in the State. FAC, Doc. 22 at 16, ¶¶ 97-99.  Presbyterian Health Plan, Inc. is not a

peripheral defendant and it is obvious by a preponderance of the evidence and the allegations that

Plaintiffs seek a majority of their relief from it because it is the largest payer in the State.  Further,

this action is for a declaratory judgment against each Defendant insurance company equally,

including the local Defendants, for refusing insurance coverage for the cost of medical cannabis

as behavioral health services in violation of New Mexico law. FAC, Doc. 22 at 26-27 ¶¶ 162-167.

This goes to the very core of Plaintiffs' claims.  The declaratory judgment Plaintiffs seek equally

against all Defendants ensures that Plaintiffs do seek significant relief from a Defendant who is a

New Mexico citizen. *Coffey*, 581 F.3d at 1244 (finding significant relief requirement satisfied

where liability sought jointly and severally between the defendants). The local controversy

exception to CAFA applies in this case because Plaintiffs satisfy all elements. This is a true local

controversy that falls squarely within the legislative intent.

> **d. There is no federal-question jurisdiction for Defendants' claimed defenses based on federal law under the exceedingly narrow substantial question exception to the well-pleaded complaint rule.**

Where a complaint states no federal causes of action (and there is no diversity or complete

preemption), a removing defendant must "rely on an 'exceedingly narrow' and relatively arcane

'branch of federal question jurisdiction' known as 'substantial question' jurisdiction that has been

applied only to a 'special and small category of cases.'" *New Mexico, ex rel. Balderas v. Preferred

Care, Inc.*, 158 F. Supp. 3d 1226, 1230 (D.N.M. 2015) (quoting *Gilmore v. Weatherford*, 694 F.3d

1160, 1171 (10th Cir. 2012)).[4]  "It is not triggered by a 'mere need to apply federal law in a state-law claim.'" *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1257 (10th Cir. 2022) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313, 125 S. Ct. 2363, 2367 (2005)). "Nor can it be triggered solely by a federal defense, in keeping with the well-pleaded complaint rule." *Suncor*, 25 F.4th at 1257. "Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006)). *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430 (1987) ("a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue").

There is only substantial federal question—or *Grable*—jurisdiction when "the 'federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Suncor*, 25 F.4th at 1265 (quoting *Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065 (2013)).

### i. Plaintiffs' causes of action do not necessarily raise any federal issues and can proceed to liability based solely on state law under the first *Grable* element.

A federal issue is not necessarily raised and is only part of an affirmative defense where "'the underlying right or obligation arises only under state law and federal law is merely alleged

---

[4] It is rare that a case will meet the test for finding a substantial federal question where there is no federal cause of action. *See, e.g., New Mexico, ex rel. Balderas v. Sterigenics U.S., LLC*, Civ. No. 20-1355 KG/KRS, 2021 WL 1391298, at *5 (D.N.M. Apr. 13, 2021) (Gonzales, J.) (remanding for lack of a substantial federal question); *STC.UNM v. Quest Diagnostics Inc.*, Civ. No. 20-197 KG/KK, 2020 WL 4734899, at *8 (D.N.M. Aug. 14, 2020) (Gonzales, J.) (same); *Gonzalez v. Town of Edgewood*, CIV 16-0587 KG/KBM, 2018 WL 6026812, at *4 (D.N.M. Nov. 16, 2018) (Gonzales, J.) (same); *New Mexico ex rel. Balderas v. ITT Educ. Services, Inc.*, CIV No. 14-0321 KG/KK, 2015 WL 13662784, at *2 (D.N.M. June 30, 2015) (Gonzales, J.) (same).

as a barrier to its effectuation . . . .'" *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 948 (10th Cir. 2014) (quoting *State of Okla. ex rel. Okla. Tax Comm'n v. Wyandotte Tribe of Okla.*, 919 F.2d 1449, 1451 (10th Cir.1990)).  When the Court can find liability under a plaintiff's causes of action without resolving the federal issues, the federal issues are not necessarily raised and are instead only federal defenses. *New Mexico ex rel. Balderas v. Gilead Scis., Inc.*, 548 F. Supp. 3d 1098, 1103 (D.N.M. 2021) ("It is apparent from the face of the Complaint that New Mexico can establish the facts necessary for holding Defendants liable for breaches of state law without forcing a court to interpret or even apply federal statutes or regulations.").

Here, Plaintiffs' legal claims, and the elements of proof of those claims do not necessarily raise the federal issues that at best lurk in the background.  To obtain removal Defendants have tried to cast what merely are anticipated defenses based on federal law into something they are not.  The existence of federal defenses does not convert this case into the "exceedingly narrow" category of suits that belong in federal court under the doctrine substantial question jurisdiction. A close look makes plain that finding liability under Plaintiffs' state law causes of action does not depend on any question of federal law.  Plaintiffs' rights depend solely on interpretation of state law, specifically Senate Bill 317, the Behavioral Health Services Equity Acts, the Lynn and Erin Compassionate Use Act, New Mexico caselaw, the New Mexico benchmark for 2022, and the New Mexico Alternative Benefit Plan. *See generally* FAC, Doc. 22 at 17-21, ¶¶ 108-124. Plaintiffs' causes of action request the Court to harmonize these state laws and regulations, among themselves, to find and conclude that health insurance plans in New Mexico that cover behavioral health services must cover medical cannabis as a behavioral health service, thus creating liability for the lack of coverage.

12

Defendants try to inject federal issues by claiming they cannot comply with these state laws due to the Controlled Substances Act ("CSA") and Federal Medicaid law, arguing in their Notice of Removal that "the central issue in this lawsuit is Plaintiffs' claim that Defendants must provide coverage for medical marijuana under New Mexico state law, while Defendants maintain that federal law precludes this coverage." Notice, Doc. 1 at 17, ¶ 39. Defendants vaguely allude to the CSA and pluck various provisions from federal Medicaid statutes and regulations that they claim conflict with state law or prevent them from complying with Senate Bill 317's mandate that they fully cover medical cannabis as a behavioral health service. But (again), that is just an ordinary federal preemption defense insufficient to give rise to federal jurisdiction here. *Suncor*, 25 F.4th 1238, 1257 (10th Cir. 2022). Defenses that the CSA or Medicaid prevents complying with state law does not make federal law an element of Plaintiffs' claims and does not give rise to federal jurisdiction. *Becker*, 770 F.3d at 948. The Court can find liability under Plaintiffs' state law causes of action without having to interpret the CSA or federal Medicaid provisions.[5]

Consequently, the very first element of *Grable* jurisdiction is unmet here because Plaintiffs' claims do not depend on proving a violation of any federal statute or regulation as an element. The only question of liability in Plaintiffs' First Amended Complaint is whether New Mexico law requires Defendants to fully cover medical cannabis as a behavioral health service. If yes, then Defendants have violated state law (Count I), breached their contracts (Counts II and III),

---

[5] Moreover, courts have repeatedly rejected federal question jurisdiction just because there may be issues related to interpreting federal Medicaid law. *See e.g.*, *New Mexico ex rel. Balderas v. Gilead Scis., Inc.*, 548 F. Supp. 3d 1098, 1103 (D.N.M. 2021) ("the allegations listed above, do not necessarily 'turn' on resolution of a federal question, even though patent law, the FDA drug approval process and federal Medicaid regulations loom in the background of all seven of the State's claims"); *Pennsylvania v. Eli Lilly & Co., Inc.*, 511 F. Supp. 2d 576, 581 (E.D. Pa. 2007) ("Even though 'medically accepted indication' is defined by federal law, liability under the state law claims presented here nonetheless does not depend on the violation of any federal standard or statute."); *Hood v. AstraZeneca Pharmaceuticals, LP*, 744 F. Supp. 2d 590, 606 (N.D. Miss. 2010) ("Plaintiff can establish a prima facie case of Medicaid fraud under state law without having to establish that Defendants' communications were 'off-label' in violation of federal law."). The courts have even rejected the proposition that statutory requirements governing federal approval of certain contracts gives rise to federal common law governing such contracts. *Becker*, 770 F.3d at 948.

violated the Unfair Practices Act (Count IV) and the Unfair Insurance Practices Act (Count V), and have been unjustly enriched (Count VI).  There is no federal law at issue to answer this question of liability.

> ii. **Defendants also cannot meet the third element of *Grable* jurisdiction because the federal issues Defendants identify in their defenses are not substantial—there is no material federal agency action involved, there is no importance to the federal forum, and the issues are bound to this unique case.**

The federal issues Defendants raise as defenses are not substantial because there is no federal agency action involved and because federal agency compliance with federal law simply is not at issue. The defining case of *Grable* turned on material federal agency action and its compatibility with a federal statute—for that reason the issue was deemed sufficiently substantial to confer federal jurisdiction. *Grable*, 545 U.S. at 314–15.  But where a federal agency is only in the background, the issue is not substantial. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700, 126 S. Ct. 2121, 2137 (2006).

For example, the issues in *Empire* involved reimbursement of medical bills from a tort recovery that had already been paid out by the federal agency through the Federal Employees Health Benefits Act of 1959 (FEHBA). *Id.* at 683.  In *Empire*, the Supreme Court of the United States did not find a substantial federal question despite the case involving a dispute about the meaning of terms in a federal health insurance contract "between a federal agency and a private carrier, [that] set[] forth the details of a federal health insurance program created by federal statute and covering 8 million federal employees" because the agency's action and compliance with federal law was not at issue. *Id.* at 702.  Similarly, in *New Mexico, ex rel. Balderas v. Sterigenics U.S., LLC*, the court remanded even though the defendant argued that to determine "whether the use and emission of EtO at the Santa Teresa Plant was 'without lawful authority' one must apply and interpret federal EPA regulations promulgated under the Clean Air Act that control the

industrial use of EtO, including Defendants' permit to operate the Santa Teresa Plant." Civ. No. 20-1355 KG/KRS, 2021 WL 1391298, at *3 (D.N.M. Apr. 13, 2021) (Gonzales, J.).  In this case, there is no federal agency action materially at issue to establish any element of Plaintiffs' claims. No federal agency's compliance with federal statute is at issue either.

Defendants also rely heavily on *Raich* to show that it would be important to the federal government to have state medical cannabis issues decided in a federal forum. *See* Notice, Doc. 1 at 17, ¶ 40. But in *Raich*, federal law was directly challenged so whether the CSA implicated federal question jurisdiction was not at issue. *Gonzales v. Raich*, 545 U.S. 1, 15, 125 S. Ct. 2195, 2204–05 (2005) (acknowledging respondents' only argument was that "the CSA's categorical prohibition of the manufacture and possession of marijuana as applied to the intrastate manufacture and possession of marijuana for medical purposes pursuant to California law exceeds Congress' authority under the Commerce Clause.").  Here, Plaintiffs ask nothing declaratory as to any federal law.  Moreover, "[w]hatever the merits of *Raich* when it was decided, federal policies of the past 16 years have greatly undermined its reasoning.  Once comprehensive, the Federal Government's current approach is a half-in, half-out regime that simultaneously tolerates and forbids local use of marijuana.  This contradictory and unstable state of affairs strains basic principles of federalism and conceals traps for the unwary." *Standing Akimbo, LLC v. United States*, 141 S. Ct. 2236, 2237 (2021), *reh'g denied, Standing Akimbo, LLC v. United States*, 142 S. Ct. 919 (2021) (Thomas, J. statement respecting the denial of certiorari). *Raich* no longer reflects current federal priorities.

Finally, determining medical necessity is a fact-bound determination, dependent entirely on the state statutes Plaintiffs allege require insurance to cover medical cannabis as a treatment for behavioral health, such as LECUA. The determination depends on the unique system of New Mexico laws acting together to require such coverage. "This 'fact-bound and situation-specific'

question does not constitute a 'substantial' federal question." *Sterigenics*, 2021 WL 1391298, at *4 (quoting *Becker*, 770 F.3d at 948).

### iii. Taking these claims from New Mexico state courts will upset the balance between state and federal judiciary under the fourth *Grable* element.

*Grable* jurisdiction is not applied mechanically or considered lightly. "For a federal issue to ultimately qualify for a federal forum it must be 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'" *Grable*, 545 U.S. at 313-14. "'In exploring the outer reaches of § 1331,' the Court has emphasized that 'determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system.'" *Suncor*, 25 F.4th at 1255 (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810, 106 S. Ct. 3229 (1986)). "And it has 'forcefully reiterated' that this jurisdictional inquiry necessitates 'prudence and restraint.'" *Suncor*, 25 F.4th at 1255 (quoting *Merrell Dow*, 478 U.S. at 810). In other words, "even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto." *Grable*, 545 U.S. at 313.

This case exclusively implicates issues of paramount concern to the State of New Mexico. New Mexico has demonstrated the importance of fully covering behavioral health services and of providing medical cannabis as a behavioral health service by passing the statutes at issue in this case. These are questions of interpretation of New Mexico law that a federal district court is ill-equipped to answer and resolve. Indeed, the ultimate questions and declaratory judgment Plaintiffs request from the Court would best be certified to the New Mexico Supreme Court. District Courts have often found this factor favors remand when case may touch on federal law but there are no similar enforcement provisions in federal law. *See, e.g.*, *Gilead*, 548 F. Supp. 3d at 1103; *Grable*,

545 U.S. at 318 (the absence of a federal private right of action is evidence relevant to the sensitive judgments about congressional intent).

Further, Congressional action demonstrates that the issues raised in this case should be the responsibility of the state judiciary.  Most tellingly, every year since 2014, Congress has included a rider on the appropriations bill that prohibits the Department of Justice to use any appropriated funds "to prevent any [state with medical marijuana] from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." *See, e.g.*, Consolidated Appropriations Act 2022, Pub. L. No. 117-103, 136 Stat 49, § 531 (March 15, 2022). Only the Ninth Circuit and the First Circuit have interpreted the language of this rider. *See United States v. Bilodeau*, 24 F.4th 705, 712–13 (1st Cir. 2022) (holding that the rider prohibits the DOJ from spending funds to bring prosecutions if doing so prevents a state from giving practical effect to its medical marijuana laws); *United States v. Pisarski*, 965 F.3d 738, 740–41 (9th Cir. 2020); *United States v. McIntosh*, 833 F.3d 1163, 1175–76 (9th Cir. 2016) ("[the rider] prohibits DOJ from spending money on actions that prevent the Medical Marijuana States' giving practical effect to their state laws that authorize the use, distribution, possession, or cultivation of medical marijuana"). So long as a person is in strict compliance with the medical marijuana laws of the state, the federal government cannot prosecute them. *Bilodeau*, 24 F.4th at 713, *cert. denied, Bilodeau v. United States*, 2022 WL 2295607 (U.S. June 27, 2022).  This would certainly apply to health insurance carriers reimbursing for medical cannabis, who must comply with state law. The imagined specter of enforcement of a criminal statute against such carriers based on reimbursement activity simply does not square with the rider, the cases interpreting it, or the current federal regime concerning any remaining force the CSA may have with respect to state-

law compliant activity concerning the cannabis market in states where such activity is now legal.[6]

Put differently, Congress has shown clear intent to avoid invading the purview of states implementing their medical cannabis law.  And deciding whether Defendants in this case have complied with state law regarding medical cannabis should be left to the State.

> As Justice Thomas recently stated, summarizing the change in federal intent:

> Suffice it to say, the Federal Government's current approach to marijuana bears little resemblance to the watertight nationwide prohibition that a closely divided Court found necessary to justify the Government's blanket prohibition in *Raich*. If the Government is now content to allow States to act "as laboratories" "'and try novel social and economic experiments,'", then it might no longer have authority to intrude on "[t]he States' core police powers . . . to define criminal law and to protect the health, safety, and welfare of their citizens." A prohibition on intrastate use or cultivation of marijuana may no longer be necessary or proper to support the Federal Government's piecemeal approach.

*Standing Akimbo, LLC*, 141 S. Ct. at 2238 (Thomas, J.) (quoting *Raich*, 545 U.S. at 42 (O'Connor, J., dissenting)). Congressional action has expressed an intent to let the states decide their medical cannabis law.  Cases such as this are the exact type left to the states.

## III.    CONCLUSION

Plaintiffs respectfully request the Court to find and conclude it lacks subject matter jurisdiction and to remand this matter back to state court. This case belongs in state court for the New Mexico judiciary to decide these issues of critical importance to the State.

---

[6] *See, e.g.*, *Vialpando v. Ben's Auto. Services*, 2014-NMCA-084, ¶ 15, 331 P.3d 975, 980 ("Employer asserts that, because marijuana remains a controlled substance under federal law, the order to reimburse Worker for money spent purchasing a course of medical marijuana 'essentially requires' Employer to commit a federal crime. However, Employer does not cite to any federal statute it would be forced to violate, and we will not search for such a statute."); *Hager v. M & K Constr.*, 462 N.J. Super. 146, 167–68, 225 A.3d 137, 149 (App. Div. 2020), *aff'd sub nom. Hager v. M&K Constr.*, 246 N.J. 1, 247 A.3d 864 (2021) (noting that insurer could not identify a single "federal prosecution against an employer or insurance carrier for its reimbursement of authorized medical marijuana treatment" and holding that without actual prosecution or credible threat of prosecution, CSA preemption of state medical marijuana law on basis of conflict preemption could not exist). Indeed, "courts consistently find that there is no positive conflict between the CSA and state laws legalizing medical marijuana because the federal prohibition of marijuana still applies at the federal level—rendering state legalization of medical marijuana to be merely a provision of 'limited state-law immunity.'" *MRC44, LLC v. City of Miami*, 561 F. Supp. 3d 1288, 1297 (S.D. Fla. 2021) (quoting *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, 124, 347 P.3d 136, 141 (2015)).

Respectfully Submitted,

SAUCEDOCHAVEZ, P.C.

By: */s/Christopher T. Saucedo*
    Christopher T. Saucedo
    Morris J. Chavez
    Ryan H. Harrigan
    Frank T. Apodaca
800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87102
T:  (505) 338-3945
csaucedo@saucedochavez.com
mo@saucedochavez.com
rharrigan@saucedochavez.com
fapodaca@saucedochavez.com
*Attorneys for Plaintiffs*

I HEREBY CERTIFY that on August 21, 2022, the foregoing was filed electronically through the CM/ECF system, which caused all parties and counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Christopher T. Saucedo*
Christopher T. Saucedo, Esq.