**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO TOP ORGANICS—ULTRA )
HEALTH, INC., and JACOB R. )
CANDELARIA, MATIAS TRUJILLO, as )
father and guardian of MT, a minor, ERICA )
ROWLAND, and ARIEL McDOUGAL, on )
behalf of themselves and all others similarly )
situated, )
          )
         Plaintiffs, )   Civil Action No.: 1:22-cv-00546-KG-LF
          )
        v. )
          )
BLUE CROSS AND BLUE SHIELD OF NEW )
MEXICO, PRESBYTERIAN HEALTH PLAN, )
INC., and WESTERN SKY COMMUNITY )
CARE, INC., )
          )
         Defendants. )

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE
<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

**<u>TABLE OF CONTENTS</u>**

**Page**

INTRODUCTION ................................................................................................................ 1

RELEVANT BACKGROUND .......................................................................................... 2

I.      Defendants Removed This Action to This Court on Numerous Grounds. ......................... 2

II.     Plaintiffs Amend Their Complaint to Seek Remand. ......................................... 3

III.    This Court Refers Plaintiffs' Motions to Magistrate Judge Fashing. ................................ 4

IV.   Magistrate Judge Fashing Issues the PFRD Denying Plaintiffs' Motions......................... 4

STANDARD OF REVIEW ............................................................................................... 7

ARGUMENT ..................................................................................................................... 8

V.      The Court Has Original Jurisdiction under ERISA and Should Exercise Supplemental Jurisdiction over All Remaining Claims................................................ 8

VI.    Plaintiffs Fail to Meet Their Heavy Burden of Demonstrating That the Local Controversy Exception to CAFA Applies. .......................................... 13

        A.     Plaintiffs Fail to Meet Their Burden of Proving That More Than Two-Thirds of the Proposed Class Are New Mexico Citizens. ................................... 14

        B.     Plaintiffs Fail to Meet Their Burden of Showing That the Class Is Seeking Significant Relief from a Local Defendant Whose Conduct Forms a Significant Basis of the Claims Asserted by the Class. ......................................... 17

              1.    Plaintiffs Fail to Meet the "Significant Relief" Element. ........................ 17

              2.    Plaintiffs Fail to Meet the "Significant Basis" Element. ......................... 19

VII.   Plaintiffs Are Not Entitled to Jurisdictional Discovery regarding the Local Controversy Exception. .......................................................................... 21

        A.     Plaintiffs' Requested Discovery on CAFA's Local Controversy Exception Is Moot. ........................................................................................ 21

        B.     Plaintiffs' Requested Discovery on the Citizenship of the Class Is Irrelevant. ........................................................................................ 22

        C.     Plaintiffs' Request for Discovery to Support the Significant Relief and Significant Basis Elements Is Irrelevant. ............................................... 22

CONCLUSION................................................................................................................ 24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Barreras v. Travelers Home & Marine Ins. Co.*,
    No. 12–cv–0354, 2012 U.S. Dist. LEXIS 200819 (D.N.M. Oct. 17, 2012) ......................21, 23

*Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*,
    385 F.3d 1291 (10th Cir. 2004) ................................................................21, 22

*Braud v. Transp. Serv. Co.*,
    445 F.3d 801 (5th Cir. 2006) ................................................................15

*In re Burlington N. Santa Fe Ry. Co.*,
    606 F.3d 379 (7th Cir. 2010) ................................................................11, 15

*Carldbad Tech., Inc. v. HIF Bio, Inc.*,
    556 U.S. 635 (2009)................................................................10

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988)................................................................11, 12

*Casias v. Distrib. Mgmt. Corp.*,
    No. 1:11-cv-00874, 2012 U.S. Dist. LEXIS 142693 (D.N.M. Sept. 26, 2012) ......................11

*Christmas v. Union Pac. R.R. Co.*,
    698 F. App'x 887 (9th Cir. 2017) ................................................................23

*Coffey v. Freeport McMoran Copper & Gold*,
    581 F.3d 1240 (10th Cir. 2009) ................................................................18, 23

*Collins v. Golden Gate Bell, LLC*,
    No. 18–cv–06442–NC, 2019 U.S. Dist. LEXIS 102814 (N.D. Cal. June 19,
    2019) ................................................................17

*Dutcher v. Matheson*,
    840 F.3d 1183 (10th Cir. 2016) ................................................................13, 14

*Evans v. Walter Indus.*,
    449 F.3d 1159 (11th Cir. 2006) ................................................................14, 20

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
    545 U.S. 546 (2005)................................................................8

*First Union Mortg. Corp. v. Smith*,
    229 F.3d 992 (10th Cir. 2000) ................................................................7

ii

*Fulgenzi v. Smith*,
  No. 1:12–cv–1261, 2014 U.S. Dist. LEXIS 187075 (D.N.M. Nov. 13, 2014)..................19, 20

*Gonzales v. Raich*,
  545 U.S. 1 (2005).......................................................................................................9, 10

*Grynberg v. Ivanhoe Energy, Inc.*,
  490 F. App'x 86 (10th Cir. 2012) ...............................................................21, 22, 24

*Hargett v. RevClaims, LLC*,
  854 F.3d 962 (8th Cir. 2017) ...................................................................14, 15, 16

*Henderson v. Nat'l R.R. Passenger Corp.*,
  412 F. App'x 74 (10th Cir. 2011) ........................................................................11

*Kaufman v. Allstate N.J. Ins. Co.*,
  561 F.3d 144 (3d Cir. 2009).................................................................................19

*Kitchin v. Bridgeton Landfill, LLC*,
  3 F. 4th 1089 (8th Cir. 2021) ........................................................................19, 20

*Lax v. APP of N.M. ED, PLLC*,
  No. 22-2057, 2022 U.S. App. LEXIS (10th Cir. 2022) .........................18, 19, 20, 23

*Lorenz v. Liberty Mut. Fire Ins. Co.*,
  No. 18–cv–03143, 2019 U.S. Dist. LEXIS 243137 (D. Colo. Jan. 15, 2019) .........................7

*Mondragon v. Capital One Auto Fin.*,
  736 F.3d 880 (9th Cir. 2013) ...............................................................................17

*New Mexico v. Gen. Elec. Co.*,
  467 F.3d 1223 (10th Cir. 2006) ...........................................................................11

*Nichols v. Chesapeake Operating, LLC*,
  718 F. App'x 736 (10th Cir. 2018) .................................................................14, 16

*Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*,
  655 F.3d 358 (5th Cir. 2011) ..........................................................................19, 20

*Pfeiffer v. Hartford Fire Ins. Co.*,
  929 F.2d 1484 (10th Cir. 1991) .............................................................................8

*Preston v. Tenet Healthsystem Mem'l Med. Ctr.*,
  485 F.3d 793 (5th Cir. 2007) .........................................................................14, 16

*Reece v. AES Corp.*,
  638 F. App'x 755 (10th Cir. 2016) ...........................................................14, 15, 16, 17

*Rockwell Int'l Corp. v. U.S.*,
   549 U.S. 457 (2007)...........................................................................................11

*Salazar v. San Juan Cnty. Det. Ctr.*,
   301 F. Supp. 3d 992 (D.N.M. 2017) ............................................................12, 13

*Sanders v. USAA Cas. Ins. Co.*,
   No. 19–cv–0895, 2020 U.S. Dist. LEXIS 15441 (D.N.M. Jan. 30, 2020) ..............8

*Saunders v. DoorDash, Inc.*,
   No. 20–cv–05825–DMR, 2021 U.S. Dist. LEXIS 27555 (N.D. Cal. Feb. 12,
   2021) .........................................................................................................................17

*In re Sprint Nextel Corp.*,
   593 F.3d 669 (7th Cir. 2010) .........................................................................14, 16

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ..............................................................................16

*United Int'l Holdings v. Wharf*,
   210 F.3d 1207 (10th Cir. 2000) ..........................................................................11

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966)..........................................................................................9, 11

*Valdez v. Metro. Prop. & Cas. Ins. Co.*,
   867 F. Supp. 2d 1143 (D.N.M. 2012) .................................................................23

*Woods v. Std. Ins. Co.*,
   771 F.3d 1257 (10th Cir. 2014) ...........................................................13, 18, 19

**Statutes**

21 U.S.C. § 812(c) ................................................................................................9, 10

28 U.S.C. § 636(b)(1) .............................................................................................4, 7

28 U.S.C. § 1331......................................................................................................21

28 U.S.C. § 1332(bb) .............................................................................................1, 23

28 U.S.C. § 1332(d)(1)(A) ...............................................................................1, 17, 18

28 U.S.C. § 1332(d)(4)(A) .......................................................................................13

28 U.S.C. § 1332(d)(4)(A)(i)(I) ..................................................................................1

28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa)...........................................................1, 17, 18, 23

28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb) ................................................................1, 19, 23

28 U.S.C. § 1332(d)(4)(A)(i)(III) ...............................................................................19

28 U.S.C. § 1367 ............................................................................................................22

28 U.S.C. § 1367(a) ........................................................................................................8

28 U.S.C. § 1367(c) ............................................................................................9, 10, 13

28 U.S.C. § 1368(c) ........................................................................................................5

42 U.S.C. § 1396r-8(k)(2)(A) .........................................................................................9

N.M.S.A. § 26-2B-1 (1978) ................................................................. *passim*

**Rules**

Fed. R. Civ. P. 72 ...........................................................................................................7

Fed. R. Civ. P. 72(a) ......................................................................................................7

Fed. R. Civ. P. 72(b)(1) .................................................................................................7

Fed. R. Civ. P. 72(b)(3) .................................................................................................7

## INTRODUCTION

Defendants[1] removed this case to federal court nineteen months ago. After nine briefs—including for two separate motions to remand filed by Plaintiffs—and a 2.5 hour in-person hearing, Magistrate Judge Fashing issued a 29-page Proposed Findings and Recommended Disposition ("PFRD," at ECF No. 61), explaining that Defendants properly removed the action and the Court has jurisdiction over the case. Plaintiffs' Objections to Proposed Findings and Recommended Disposition ("Objections," at ECF No. 63) raise the same deficient arguments thoroughly refuted by the PFRD. The Court should deny the Objections and adopt the PFRD for the following reasons:

**First, the Court has original jurisdiction under the Employee Retirement Income Security Act ("ERISA") and should exercise supplemental jurisdiction over all remaining claims.** This case will necessarily rely heavily on interpretations of federal law, including the Controlled Substance Act ("CSA") and federal Medicaid law, and Plaintiffs' state law claims are inextricably intertwined with those federal laws. Further, Plaintiffs—not the Court—dismissed their ERISA claims, and they did so in an improper attempt to avoid the Court's jurisdiction.

**Second, the Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), and Plaintiffs fail to meet their burden of showing that the local controversy exception applies.** Plaintiffs fail to present any evidence showing that more than two-thirds of the class are citizens of New Mexico, as they must under Tenth Circuit law. This failure precludes remand. 28 U.S.C. § 1332(d)(4)(A)(i)(I). Independently, Plaintiffs fail to show that the class (*i.e.*, "all of the class members in a class action") are seeking "significant relief" from a local defendant, or that a local defendant's alleged conduct forms a "significant basis" for the class's claims, each of which also precludes remand. 28 U.S.C. §§ 1332(d)(1)(A), 1332(d)(4)(A)(i)(II)(aa),  (bb).

---

[1] Defendants are Blue Cross and Blue Shield of New Mexico, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSNM"), Presbyterian Health Plan, Inc., and Western Sky Community Care, Inc.

**Third**, Plaintiffs are not entitled to jurisdictional discovery regarding the local controversy exception because (1) independent of CAFA and the local controversy exception, the Court has jurisdiction over this case, so jurisdictional discovery is moot, (2) Plaintiffs' requested discovery regarding the citizenship of the proposed class is irrelevant because it would not provide supporting evidence that two-thirds of the class are New Mexico citizens, and (3) the pleadings and allegations—and not discovery or extrinsic evidence—dictate the significant relief and significant basis elements, so any discovery regarding these elements is irrelevant.

Accordingly, the Court should deny Plaintiffs' Objections, adopt the PFRD, and exercise jurisdiction over this case so the parties can proceed to the merits.

## RELEVANT BACKGROUND[2]

### I.   DEFENDANTS REMOVED THIS ACTION TO THIS COURT ON NUMEROUS GROUNDS.

On June 10, 2022, Plaintiffs and two additional named plaintiff-representatives, former plaintiff Bryant-Flynn and former plaintiff Valencia, filed a putative class action complaint ("Original Complaint" or "OC," at ECF No. 1-1) against Defendants and four additional health plans, including former defendant Cigna Health and Life Insurance Company ("Cigna") and former defendant True Health New Mexico, Inc. ("True Health"), in state court. *See generally* OC. Plaintiffs are seeking damages and declaratory relief that would compel Medicaid and private market health plans in New Mexico to cover and pay for the cost of cannabis distributed under the Lynn and Erin Compassionate Use Act, NMSA 1978 § 26-2B-1, *et seq.* ("LECUA"). *E.g.*, OC, at pp. 1–2; *id.*, ¶¶ 13, 160(e); *id.*, Prayer for Relief, p. 31. In the Original Complaint, Plaintiffs specified that former plaintiff Bryant-Flynn "is employed and participates in his employer's group health program with Cigna," and former plaintiff Valencia received health benefits "through his

---

[2] Defendants incorporate the PFRD and their Consolidated Response in Opposition to Plaintiffs' Motion to Remand ("Opposition to Remand," at ECF No. 31), which contain further background, as though fully set forth herein.

employer" pursuant to a "Large Group PPO plan" with True Health. OC, ¶¶ 16, 17, 45, 52. Plaintiffs sought to represent the following class of persons:

> The Class shall comprise of all persons who: (1) are currently Qualified Patients as defined by [LECUA]; (2) have been diagnosed with a mental or behavioral health condition pursuant to [LECUA]; and (3) purchased medical cannabis to provide relief for their mental or behavioral health condition.

OC, ¶ 156.

On July 22, 2022, Defendants timely filed a Notice of Removal, asserting that this Court has jurisdiction under (1) ERISA, (2) CAFA, (3) federal question, and (4) supplemental jurisdiction. *See generally* Notice of Removal at ECF No. 1. Consistent with Plaintiffs' allegations in the OC, Defendants explained, among other things, that former plaintiffs Bryant-Flynn and Valencia were seeking the recovery of health benefits through employer-sponsored welfare benefit plans, so ERISA completely preempted their state law causes of action. *Id.* at ¶¶ 7–15.

## II. PLAINTIFFS AMEND THEIR COMPLAINT TO SEEK REMAND.

On August 19, 2022, Plaintiffs filed a First Amended Complaint ("FAC," at ECF No. 22). In the First Amended Complaint, Plaintiffs dropped former plaintiffs Bryant-Flynn and Valencia, whose claims were completely preempted by ERISA, and former defendants Cigna and True Health, who administered those ERISA governed plans. *See generally* FAC. Plaintiffs also attempted to amend and narrow their class definition by (1) carving out persons covered by ERISA governed plans, and (2) limiting the proposed class members to only "New Mexico citizens." FAC, ¶ 120; *compare with* OC, ¶ 156.

Two days later, Plaintiffs moved to remand the case back to state court, claiming that "[t]he Court lacks subject matter jurisdiction over Plaintiffs' [FAC]." Motion to Remand (ECF No. 24), at p. 1. Plaintiffs first argued that they dropped Valencia, Bryant-Flynn, and "the corresponding group insurance plan insurers" from the FAC and "explicitly carve[d] out any causes of action

against ERISA plans by defining out of the putative class any 'participant or beneficiary' of an ERISA plan." *Id.*, pp. 1–2, n.1, pp. 4–6. Second, Plaintiffs argued that they met their burden of proving that the local controversy exception to CAFA applies, requiring remand. *See id.*, pp. 2, 6–10. Third, Plaintiffs argued that there is no substantial federal question raised by the FAC. *See id.*, pp. 2, 10–18. Plaintiffs did not address Defendants' assertion that the Court has supplemental jurisdiction over any claims that are not subject to the Court's original jurisdiction. *See id.* The parties fully briefed Plaintiffs' Motion to Remand. *See* ECF Nos. 24, 31, 37.

Three weeks after the parties completed briefing on Plaintiffs' Motion to Remand, Plaintiffs filed a Second Motion to Remand or Alternatively Motion for Leave to Conduct Discovery to Determine Subject Matter Jurisdiction ("Second Motion to Remand," at ECF No. 40). The parties fully briefed Plaintiffs' Second Motion to Remand. *See* ECF Nos. 40, 43, 46.

## III. THIS COURT REFERS PLAINTIFFS' MOTIONS TO MAGISTRATE JUDGE FASHING.

On April 13, 2023, this Court entered an order referring Plaintiffs' Motion to Remand and Second Motion to Remand to Magistrate Judge Fashing "to conduct hearings, if warranted . . . and to perform any legal analysis required to recommend to the District Court an ultimate disposition." *See* ECF No. 54. The Court specified that "[t]he parties shall be given the opportunity to object to the proposed findings, analysis and disposition as described in 28 U.S.C. Section 636(b)(1)." *Id.*

After reviewing the jurisdictional briefing, Magistrate Judge Fashing ordered that the parties appear for an in-person hearing on October 25, 2023. *See* ECF No. 58. The in–person hearing took 2.5 hours. *See* ECF No. 59. Magistrate Judge Fashing advised that she was taking the parties' evidence and arguments under advisement and would subsequently issue a ruling. *See id.*

## IV. MAGISTRATE JUDGE FASHING ISSUES THE PFRD DENYING PLAINTIFFS' MOTIONS.

On January 24, 2024, Magistrate Judge Fashing issued the 29–page PFRD denying Plaintiffs' Motion to Remand and Second Motion to Remand. As detailed further in the opinion,

the PFRD concluded that removal was proper because some of the plaintiffs' claims in the OC were completely preempted by ERISA. *Id.* at pp. 5–10. Although Plaintiffs amended their OC ***after*** the case was removed to drop the ERISA plaintiffs and defendants and carve out ERISA claims from the class definition, "the Court can only consider the complaint at the time of removal in deciding whether removal was proper and whether the case should be remanded." *Id.* at p. 11 (citations omitted). The PFRD further noted, "Because at least one claim in the Original Complaint was completely preempted by ERISA, the Court had federal question jurisdiction over at least that claim, and it now has supplemental jurisdiction over all remaining claims." *Id.* at pp. 11–12.

The PFRD also explained that the Court should exercise supplemental jurisdiction over the remaining claims for several reasons. First, "the explicit carve-out of any ERISA-based claims in the FAC, along with the filing of the first Motion to Remand just two days after Plaintiffs filed the FAC, raise exactly the 'forum-manipulation concerns' that are behind the general rule that a plaintiff in a properly removed case cannot amend away federal jurisdiction." PFRD at p. 12; *see also id.* p. 14. Independently, the four circumstances under which the Court "may" decline to exercise supplemental jurisdiction under 28 U.S.C. § 1368(c) were not present because (1) "resolution of this case will depend not only on New Mexico state law, but also on federal law, and whether the state can require insurance companies to cover medical cannabis for Medicaid participants and others who obtain private health insurance," (2) "the state law claims necessarily implicate federal Medicaid law and are inextricably tied to the fact that cannabis is still a controlled substance under the Controlled Substances Act and has not been approved federally for medical use," so "[t]he state claims do not predominate over these issues," (3) "the Court did not dismiss the ERISA claims; Plaintiffs chose to carve those claims out of the FAC in an attempt to avoid federal jurisdiction, which is not permitted," and (4) there are no "exceptional circumstances that

would warrant declining jurisdiction" because "although Plaintiffs' claims may be stated in terms of state law, they are inextricably tied to federal Medicaid law and the Controlled Substance Act." *Id.* at pp. 13–14.

Separately, the PFRD explained that "as an alternative ground for retaining jurisdiction," the Court should "find that Plaintiffs have failed to meet their burden of proving that they meet the local controversy exception under CAFA." PFRD at p. 14. Specifically, the PFRD found that Plaintiffs failed to meet their burden of proving more than two-thirds of the proposed class are New Mexico citizens because "the Original Complaint defined the class according to residency status instead of citizenship," and "Plaintiffs 'saddled [themselves] with an evidentiary burden' that they have not met" under Tenth Circuit law. *See id.* at pp. 17–21 (citations omitted). The PFRD also held that Plaintiffs failed to meet the "significant relief" or "significant basis" elements of the local controversy exception because (1) "[t]he relevant question is whether the entire class (not just a subset of the class) seeks significant relief from the local Defendants," and many class members solely had claims against non-local defendants, and (2) "[n]othing in the complaint suggests that the conduct of any local defendant is related to the conduct of any other defendant," and "[t]he fact that all the Defendants acted the same . . . is not sufficient to satisfy the 'significant basis' component of the local controversy exception." *Id.* at pp. 21–27 (citations omitted).

Regarding Plaintiffs' request for discovery to support the local controversy exception, the PFRD stated that Plaintiffs' proposed discovery regarding citizenship "would just confirm the statutory requirements for becoming a LECUA Qualified Patient," and "[t]his 'evidence' still would be insufficient." PFRD at pp. 20–21. In addition, the PFRD notes that both the "significant relief" and "significant basis" elements are determined on the pleadings, *see* PFRD at pp. 21-22, 25, not on extrinsic evidence gathered through discovery.

**STANDARD OF REVIEW**

The Court referred Plaintiffs' Motion to Remand and Second Motion to Remand under 28 U.S.C. § 636(b)(1). *See* ECF No. 54; *see also* PFRD at p. 29. That provision states that except for certain enumerated motions that are not at issue here, such as motions for judgment on the pleadings, motions for summary judgment, motions to dismiss for failure to state a claim, "[a] judge of the court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1).

Similarly, Rule 72 provides that the standard of review depends on whether the magistrate judge's order applies to a matter that is "dispositive of a party's claim or defense." *See* Fed. R. Civ. P. 72. "When a pretrial matter that is not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added). By contrast, when "a pretrial matter [is] dispositive of a claim or defense," "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(1), (3).

The Tenth Circuit has held that a magistrate judge's order remanding a case to state court is "dispositive" and requires "an independent determination" by the district court because it functionally dismisses the federal lawsuit. *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996-97 (10th Cir. 2000). On the other hand, according to several Tenth Circuit courts, an order ***denying*** remand is not a dispositive order, and the district court may review it under the "clearly erroneous" standard. *See Lorenz v. Liberty Mut. Fire Ins. Co.*, No. 18–cv–03143, 2019 U.S. Dist. LEXIS 243137, at *2, n.1 (D. Colo. Jan. 15, 2019) (holding that "the more persuasive cases hold that an order *denying* remand is not a dispositive action," and noting, "The Tenth Circuit has noted the material difference between a denial of a motion to remand and the grant of such a motion")

(citation omitted) (emphasis in original); *e.g.*, *Sanders v. USAA Cas. Ins. Co.*, No. 19–cv–0895, 2020 U.S. Dist. LEXIS 15441, at *1–5 (D.N.M. Jan. 30, 2020) (using "clearly erroneous" standard of review for proposed findings and recommendation denying motion to remand).

Whether the Court applies a *de novo* or clearly erroneous standard of review, it will reach the same conclusion: the PFRD is correct, and the Court should deny Plaintiffs' Objections, Motion to Remand, and Second Motion to Remand and exercise jurisdiction over the case.

## ARGUMENT

V. **THE COURT HAS ORIGINAL JURISDICTION UNDER ERISA AND SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER ALL REMAINING CLAIMS.**

Defendants' removal of this action was appropriate because, among other reasons, ERISA completely preempted the claims of two original plaintiffs, giving rise to a federal question jurisdiction. Because "the propriety of removal is judged on the complaint as it stands at the time of removal," *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991), the PFRD properly drew facts and claims from the OC to conclude that Plaintiffs' action falls within the scope of ERISA's civil enforcement provision and that the claims were therefore completely preempted. Further, the PFRD correctly noted the general rule that a plaintiff in a properly removed case cannot amend away jurisdiction and recommended that the Court exercise supplemental jurisdiction over all remaining claims in the case. *See* PFRD at pp. 5–14.

Once a district court has original jurisdiction over some claims in the action, it "shall have supplemental jurisdiction over all other claims" that "form part of the same case or controversy." 28 U.S.C. § 1367(a); *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Plaintiffs do not and cannot dispute that ERISA completely preempted the claims of Bryant-Flynn, Valencia, and other proposed class members at the time of removal, that the Court has original jurisdiction over those ERISA claims, that jurisdiction is determined at the time of removal, or that

all their remaining state law claims form part of the same case or controversy as those ERISA claims for purposes of supplemental jurisdiction. *Compare* PFRD at pp. 5–14 *with* Objections.

Instead, they argue only that the Court should use its discretion and decline to exercise jurisdiction under 28 U.S.C. § 1367(c). *See id.* at pp. 3–6. That provision states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1)    The claim raises novel or complex issues of State law,
>
> (2)    The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)    The district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)    In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Further, courts must consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

As the PFRD explained, the circumstances that could warrant the declination of supplemental jurisdiction are not present here. *See* PFRD at pp. 10–14. First, this case will necessarily rely heavily on critical questions of federal law, including whether the State of New Mexico can require insurance companies to cover the cost of cannabis for Medicaid participants and others, even though federal law dictates that cannabis "has no acceptable medical uses" and its "manufacture, distribution, or possession [is] a criminal offense." *Gonzales v. Raich*, 545 U.S. 1, 14, 27 (2005); *see also* 21 U.S.C. § 812(c). Second, because the federal Medicaid statute requires FDA approval for all covered outpatient drugs issued under the program, *see* 42 U.S.C. § 1396r-8(k)(2)(A), yet cannabis is illegal under federal law and has not been approved by FDA, *see* 21 U.S.C. § 812(c), Plaintiffs' state law claims are inextricably intertwined with the federal CSA and

Medicaid laws. Third, and contrary to the cases cited by Plaintiffs and discussed below, the Court did not dismiss the ERISA claims. Rather, Plaintiffs dismissed those claims days after this case was removed in an effort to avoid federal jurisdiction. For these reasons and those stated in the PFRD, the Court should exercise supplemental jurisdiction in this case. *See* PFRD at pp. 10–14.

Plaintiffs have failed to establish that any of the factors set forth in 28 U.S.C. § 1367(c) warrant declining supplemental jurisdiction. They make only two arguments. First, they contend that the state law claims are matters of first impression, requiring the interpretation of laws unique to New Mexico, and that it would be inappropriate for the federal courts to interpret these laws. But federal courts interpret state statutes on a regular basis and there is nothing complicated about LECUA or Senate Bill 317 that would prevent this Court from applying the plain language of those statutes to the circumstances of this case, particularly given the necessity of doing so in conjunction with and consideration of the federal CSA and Medicaid laws. Indeed, before awarding Plaintiffs any relief, the Court ***must*** interpret whether federal law prohibits compelling Defendants from covering and paying for a Schedule I drug – including under the federally funded Medicaid program – that is not FDA approved, "has no acceptable medical uses," and where the drug's "manufacture, distribution, or possession [is] a criminal offense." *Raich*, 545 U.S. at 14, 27. The Court's interpretation of LECUA and Senate Bill 317 do not predominate over these federal issues.

Second, Plaintiffs seem to argue that because they dropped their federal claims and related parties after removal, remand is mandatory. Plaintiffs are wrong. "[A] district court's decision whether to exercise that [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carldbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *accord United Int'l Holdings v. Wharf*, 210 F.3d 1207, 1220 (10th Cir. 2000) ("[A] district court has the constitutional power to exercise supplemental jurisdiction over state claims

- 10 -

even after a federal claim has been dismissed . . .”); *e.g.*, *Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 78–79 (10th Cir. 2011) (district court that retained supplemental jurisdiction over the plaintiff's state law claims after dismissing its federal claims did not abuse its discretion by declining to remand the case to state court); *New Mexico v. Gen. Elec. Co.*, 467 F.3d 1223, 1242, n.29 (10th Cir. 2006) (same). Plaintiffs cannot compel remand simply by dropping parties and carving out claims over which the Court has original jurisdiction. *Id.*; *see United Mine Workers of Am.*, 383 U.S. at 726 (“It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.”). In fact, when parties take such action to avoid the Court's jurisdiction, as Plaintiffs did here, the Court should refuse remand. *See* PFRD at p. 12 (citing *Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 474, n.6 (2007)); *see also In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010) (“[A]llowing plaintiffs to amend away [federal] jurisdiction after removal would present a significant risk of forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction.”).[3]

Further, the two cases on which Plaintiffs rely for the proposition that “it is entirely proper for a plaintiff to drop federal claims in a removed action and for the court in response to remand the remaining state law claims” are inapposite. In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the respondents moved to amend their complaint to delete the single federal claim which they believed was “not tenable.” *Id.* at 346. The district court granted the motion and, exercising its discretion, remanded the remaining claims to state court. *Id.* The Supreme Court made clear “that a district court has discretion to remand to state court a removed case involving pendent

---

[3] Plaintiffs claim that they “never intended to bring any ERISA claims.” Objections, p. 5. Nonsense. Plaintiffs' Original Complaint specifically alleged that former plaintiffs Bryant-Flynn and Valencia were covered by employer-sponsored welfare benefit plans, which are subject to ERISA. OC, ¶¶ 16, 17, 45, 52. Plaintiffs only dropped ERISA parties and carved out ERISA claims **after** Defendants removed the case to avoid the Court's jurisdiction. *See* PFRD at pp. 12, 14. Further, “[i]f Plaintiffs had wanted to avoid federal jurisdiction,” then they “should have taken care in the original complaint to restrict the scope of the allegations defining potential class members.” *Casias v. Distrib. Mgmt. Corp.*, No. 1:11-cv-00874, 2012 U.S. Dist. LEXIS 142693, at *11 (D.N.M. Sept. 26, 2012).

claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* at 357. Importantly, the Court noted that a district court "can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" and "thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims." *Id.*

*Cohill* held only that a district court has the *discretion* to remand a case when the plaintiffs dismiss their state law claims, and the court acted within its discretion in granting remand based upon the facts before it. Here, unlike the respondents in *Cohill*, Plaintiffs did not move to file an amended complaint to explain that they were dropping a "single federal claim" because it was "not tenable." 484 U.S. at 346. Instead, without explanation or leave of court, Plaintiffs simply filed a first amended complaint, dropping ERISA parties, carving out ERISA claims, and seeking remand two days later in an obvious and manipulative effort to avoid this Court's jurisdiction. *See* PFRD at pp. 12, 14; *supra*, n.3. As directed by *Cohill*, the PFRD properly took "into account" that Plaintiffs "attempted to manipulate the forum" in its decision to deny remand. 484 U.S. at 622.

Similarly, Plaintiffs' reliance on *Salazar v. San Juan Cnty. Det. Ctr.*, 301 F. Supp. 3d 992 (D.N.M. 2017), is unavailing. In that case, after two years of litigation, the parties *stipulated* to the dismissal of all their federal claims. *Id.* at 996. In fact, the plaintiffs agreed that the dismissal of the federal claims would be with prejudice. *Id.* at 997. Because the parties had already expended a great deal of time and energy on the state law claims in federal court, the defendants asked the district court to retain jurisdiction over the case. *Id.* at 997–98. After careful consideration, the court disagreed and declined to exercise supplemental jurisdiction over the remaining state-law claims as there were no exceptions to the factors set forth in 28 U.S.C. § 1367(c). *Id.* at 1003.

That is not the case here. Resolution of this case depends on both state and federal law, it implicates the CSA and Medicaid laws, and the state law claims do not predominate over these issues. *Supra*, pp. 4–6, 9–11; PFRD at pp. 10–14. Further, Plaintiffs "chose to carve those claims out of the FAC in an attempt to avoid federal jurisdiction, which is not permitted." PFRD at p. 14. This Court should exercise supplemental jurisdiction over all remaining claims in this action.

## VI.  PLAINTIFFS FAIL TO MEET THEIR HEAVY BURDEN OF DEMONSTRATING THAT THE LOCAL CONTROVERSY EXCEPTION TO CAFA APPLIES.

Independently, the Court should exercise jurisdiction over this case under CAFA. In their Objections, Plaintiffs do not and cannot dispute that the Court has jurisdiction under CAFA. *Compare* PFRD, pp. 14–16, 27–28 *with* Objections.[4] Instead, Plaintiffs argue that the local controversy exception applies, and therefore, the Court should abstain from hearing the case. *See* Objections, pp. 6–10; *see also Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016).

"Congress intended the local controversy exception to be 'narrow,' with all doubts resolved 'in favor of exercising jurisdiction over the case." *Woods v. Std. Ins. Co.*, 771 F.3d 1257, 1265-66 (10th Cir. 2014) (quoting S. Rep. No. 109-14 at 39, 42). To meet this "narrow" exception, Plaintiffs must demonstrate, among other things, that (1) more than two-thirds of the proposed class are citizens of New Mexico, and (2) there is at least one defendant from New Mexico (i) "from whom significant relief is sought by members of the plaintiff class" and (ii) "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A); *see Dutcher*, 8140 F.3d at 1190-91. As explained in the PFRD, Plaintiffs fail to meet this heavy burden. *See* PFRD at pp. 16–27.

---

[4] Plaintiffs previously contested that BCBSNM was not a diverse defendant, so there was no minimal diversity between the parties. *See* Plaintiffs' Second Motion to Remand. The PFRD explained that (1) Cigna "provided the minimal diversity required for removal under CAFA" at the time of removal, and (2) BCBSNM "is a citizen of Illinois." PFRD at pp. 27-28. Plaintiffs do not contest the PFRD and therefore abandon this argument. *See* Objections.

A.      **Plaintiffs Fail to Meet Their Burden of Proving That More Than Two-Thirds of the Proposed Class Are New Mexico Citizens.**

Plaintiffs failed to meet their burden of proving that more than two-thirds of the proposed class members are New Mexico citizens. Unless a plaintiff has narrowly defined the class to consist only of "citizens" of the locale *at the time of removal*—which Plaintiffs failed to do here—they must present "persuasive and substantive evidence (extrinsic to [their pleadings]) to establish the [New Mexico] citizenship of the class members." *Reece v. AES Corp.*, 638 F. App'x 755, 769–70 (10th Cir. 2016). Plaintiffs must present such "evidentiary proof even for propositions that appear likely on their face." *Id.*; *accord Hargett v. RevClaims, LLC*, 854 F.3d 962, 965–67 (8th Cir. 2017); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673–76 (7th Cir. 2010); *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 798-802 (5th Cir. 2007); *Evans v. Walter Indus.,* 449 F.3d 1159, 1165–66 (11th Cir. 2006). Even when plaintiffs do present such "persuasive and substantive evidence (extrinsic to [their pleadings])" regarding the class's citizenship, the evidence may still be insufficient to prove that two-thirds of the class are citizens of the locale. *E.g.*, *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 739–40 (10th Cir. 2018) (despite "the significant effort [plaintiff] employed" in attempting to prove two-thirds of a class of "Oklahoma residents" were Oklahoma citizens, evidence was insufficient). Here, Plaintiffs present ***no evidence*** regarding the citizenship of the class, so they fail to meet their burden of proof.

Plaintiffs' Objections and past briefing show that they do not understand their burden of proof, which is why they fail to meet it. Plaintiffs first sought to amend and narrow their class to only "New Mexico citizens" *after* the case was removed. However, jurisdiction is determined at the time of removal, and such post-removal amendments cannot deprive the Court of jurisdiction or compel remand. *Reece*, 638 F. App'x at 775 (rejecting that plaintiffs could have amended their pleading to restrict the class definition to "citizens" of the locale to satisfy the local controversy

exception, and holding, "Although this class definition might have been effective if employed when the case was first filed, post-removal amendments are ineffective to divest a federal court of jurisdiction."); *accord Hargett*, 854 F.3d at 966–67; *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d at 381; *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006). Plaintiffs' belated attempt to amend and narrow their class definition after removal is "essentially an admission that the Original Complaint" failed to meet their burden of proving that two-thirds of the class are New Mexico citizens. *Cf.* PFRD at pp. 10–11.

Nevertheless, Plaintiffs now argue that the Original Complaint's class definition of LECUA "Qualified Patients," which requires a New Mexico state identification,[5] is sufficient to prove that more than two-thirds of the class are New Mexico citizens. *See* Objections at pp. 6–8. Plaintiffs are wrong.

As Plaintiffs acknowledge in their pleadings, many LECUA Qualified Patients are not even residents—much less citizens—of New Mexico. *See, e.g.*, FAC, ¶ 110. In addition to these non-residents, many other proposed class members, such as "out-of-state students attending college or graduate school in New Mexico" and "individuals who own vacation homes in New Mexico," could be LECUA Qualified Patients, but may not intend to stay in New Mexico indefinitely to qualify as New Mexico citizens. PFRD at pp. 20–21. For these and other reasons, the Tenth Circuit and other circuits have rejected the use of class definitions like LECUA "Qualified Patients" to prove that more than two-thirds of the class are citizens of the locale. *E.g.*, *Reece*, 638 F. App'x at 769-70 (class limited to "citizens and/or residents and/or property owners" of the locale did not establish two-thirds of the class were citizens of the locale); *Hargett*, 854 F.3d at 965–67 (rejecting

---

[5] Plaintiffs also argue that class members must have "New Mexico based health insurance," *see* Objections at p. 7, but the class definition in the Original Complaint did not specify that class members are limited to those with New Mexico based health insurance. *See* OC, ¶ 156. Regardless, this still would not satisfy their burden. *See infra*.

that proposed class of "[a]ll persons who were Arkansas Medicaid-eligible beneficiaries" met the local controversy exception absent affirmative proof); *In re Sprint Nextel Corp.*, 593 F.3d at 673–76 (rejecting that proposed class of Kansas residents with Kansas cell phone numbers and Kansas mailing addresses met local controversy exception, and noting that any inferences based on the class definition without actual evidence were based on "guesswork"); *Preston*, 485 F.3d at 798–802 (evidence presented to support local controversy exception only established residency of proposed class, not citizenship). Accordingly, Plaintiffs' original class definition of LECUA Qualified Patients does not relieve them of their burden of presenting "persuasive and substantive evidence (extrinsic to [their pleadings]) to establish the [New Mexico] citizenship of the class members," which they fail to do here. *Reece*, 638 F. App'x at 769–70.

Tellingly, Plaintiffs' Objections only cite inapposite authority. For example, relying on a case that predates CAFA, Plaintiffs claim that "[t]he place of residence is *prima facie* the domicile." *See* Objections at p. 6 (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Yet that is only true when evaluating whether a removing party meets its burden of proving the diversity of the parties. *See Dyer*, 19 F.3d at 518-20. When a party is seeking to remand the case based on the narrow local controversy, as Plaintiffs do here, the Tenth Circuit expressly rejected a "rebuttable presumption of citizenship in the context of a CAFA exception" based on a class definition limited to residents of the locale. *Nichols*, 718 F. App'x at 739–42.

Plaintiffs also cite to several unpublished cases from Ninth Circuit district courts, *see* Objections at pp. 7–8, but the Ninth Circuit adopted a more relaxed standard than the Tenth Circuit when evaluating the local controversy exception's citizenship requirement. *Compare, e.g.*, *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) ("We do not think, as the Seventh Circuit suggested, that evidence of residency can never establish citizenship" for purposes

of the local controversy exception) *with Reece*, 638 F. App'x at 769–70 (adopting the Seventh Circuit's "apposite and persuasive" position, including that residency does not establish citizenship). Moreover, even under that more lenient standard, the plaintiffs in those non-precedential district court cases relied on evidence extrinsic to their pleadings—and ***not*** the class definition—to prove that more than two-thirds of the proposed class are citizens of the locale. *E.g.*, *Collins v. Golden Gate Bell, LLC*, No. 18–cv–06442–NC, 2019 U.S. Dist. LEXIS 102814, at *2–4 (N.D. Cal. June 19, 2019) (relying on extrinsic evidence that proposed class members were employed in California, resided in California, and held a California state identification); *Saunders v. DoorDash, Inc.*, No. 20–cv–05825–DMR, 2021 U.S. Dist. LEXIS 27555, at *14–15 (N.D. Cal. Feb. 12, 2021) (relying on extrinsic "evidence that well over two-thirds of the [class members] performed DoorDash deliveries in California, signed up for an account with a California address, never made a delivery outside of California, and have a California driver's license").

**B.     Plaintiffs Fail to Meet Their Burden of Showing That the Class Is Seeking Significant Relief from a Local Defendant Whose Conduct Forms a Significant Basis of the Claims Asserted by the Class.**

**1.     Plaintiffs Fail to Meet the "Significant Relief" Element.**

Plaintiffs also fail to meet their burden of proving that the local controversy exception applies because they cannot identify a local defendant "from whom significant relief is sought by members of the plaintiff class," precluding remand. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa). In CAFA, "the term 'class' means all of the class members in a class action." 28 US.C. § 1332(d)(1)(A). CAFA's legislative history and Tenth Circuit law further specify that when evaluating the "significant relief" element, "[t]he [local] defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership)." *Woods*, 771 F.3d at 1266 (quoting S. Rep. No. 109–14 at 38). And as noted, "Congress intended the local controversy to be 'narrow,' with all doubts resolved 'in favor of exercise jurisdiction over

the case.'" *Id.* (quoting S. Rep. No. 109–14 at 49, 42). Consistent with CAFA's plain language, its legislative history, and Tenth Circuit law, the Tenth Circuit has only upheld the local controversy exception when "every potential plaintiff is entitled to recover from" the local defendant. *Lax v. APP of N.M. ED, PLLC*, No. 22-2057, 2022 U.S. App. LEXIS, at *25 (10ᵗʰ Cir. 2022); *accord Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1244–45 (10th Cir. 2009).

That is not the case here. As explained in the PFRD:

> The relevant question is whether the entire class (not just a subset of the class) seeks significant relief from the local Defendants. Because each class member's relief is entirely dependent on whether his or her health insurance is provided by a local defendant or a diverse defendant, only a subset of the entire class seeks significant relief from the local Defendants. For example, because both Jacob Candelaria and Ariel McDougal have health insurance through BCBSNM (a diverse defendant), they only seek damages from BCBSNM, and they seek a declaration that BCBSNM will in the future cover their medical cannabis costs. They have no claim against a local defendant. Plaintiffs therefore have not satisfied the "significant relief" component of the local controversy exception.

PFRD at pp. 24–25; *see also id.* at p. 22.

Plaintiffs do not dispute this finding. Instead, they quibble that "Tenth Circuit [case law] does not specifically require that every class member seek relief from a local defendant, which is an undecided issue." Objections at p. 8. Yet that is the obvious conclusion to draw from CAFA's plain language, its legislative history, and Tenth Circuit law. *See supra*; PFRD at pp. 24–25.[6]

Plaintiffs also cite to *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144 (3d Cir. 2009), but *Kaufman* is from the Third Circuit, and the court was interpreting the significant basis element, not the significant relief element. *See id.* at 148 ("This appeal addresses, as issues of first

---

[6] Plaintiffs argue "that the local defendant cannot be 'just a peripheral defendant,'" *see* Objections at p. 9 (quoting *Woods*, 771 F.3d at 1266), but they ignore that (1) the "class" must be seeking significant relief from the local defendant, (2) "class" is defined as "all of the class members in a class action," (3) "[t]he [local] defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership)," (4) "Congress intended the local controversy exception to be 'narrow,'" and (5) the Tenth Circuit has only upheld the local controversy exception when "every potential plaintiff is entitled to recover from" the local defendant. 28 U.S.C. §§ 1332(d)(1)(A), 1332(d)(4)(A)(i)(II)(aa); *Lax*, 2022 U.S. App. LEXIS, at *25; *Woods*, 771 F.3d at 1265-66; *Coffey*, 581 F.3d at 1244-45.

impression, the meaning of two provisions within CAFA's local controversy exception . . . specifically, the significant basis provision, 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb), and the principal injuries provision, 28 U.S.C. § 1332(d)(4)(A)(i)(III)."). *Kaufman* does not alter the plain language of CAFA, its legislative history, or the Tenth Circuit's holdings and rulings on the significant relief element to the local controversy exception.

Moreover, even if Plaintiffs could rely on "just a subset of the class membership" to meet the "significant relief" element in contravention to Tenth Circuit law, *see Woods*, 771 F.3d at 1266, they still fail to plead facts showing that the relief sought against any local defendant is significant compared to the relief sought against other non-local defendants. *See* Defendants' Opposition to Remand at pp. 13–15. Defendants incorporate these arguments as though fully set forth herein.

### 2. Plaintiffs Fail to Meet the "Significant Basis" Element.

Plaintiffs further fail to show that there is at least one local defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class," which also precludes remand. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). To evaluate the "significant basis" element, courts must "compare [the local defendant's alleged] conduct with that of the other named defendants." *Woods*, 771 F.3d at 1266. "Where the complaint contains no information about the local defendant's conduct relative to the other defendants' conduct, the plaintiff fails to meet this requirement." *Fulgenzi v. Smith*, No. 1:12–cv–1261, 2014 U.S. Dist. LEXIS 187075, at *14 (D.N.M. Nov. 13, 2014); *accord Kitchin v. Bridgeton Landfill, LLC*, 3 F. 4th 1089, 1094–95 (8th Cir. 2021) (allegations that "Defendants 'all engaged in the same conduct'" fail to satisfy the significant basis element); *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 362 (5th Cir. 2011) (significant basis element is not met when "nothing in the complaint distinguished the conduct of [the local defendant] from the conduct of the other defendants"); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006) (significant basis element was not met when the

plaintiffs provided "no insight" into the local defendant's comparative "role in the alleged" wrongful conduct).

By their own admission, Plaintiffs fail to distinguish the alleged conduct of the local defendants with that of the other defendants. *See* Objections at p. 9 (arguing that "all Defendants have acted the same in not offering coverage of medical cannabis for behavioral health conditions"). Accordingly, they fail to meet the significant basis element to the local controversy exception, precluding remand. *Fulgenzi*, 2014 U.S. Dist. LEXIS 187075, at *14; *Kitchin*, 3 F. 4th at 1094–95; *Opelousas Gen. Hosp. Auth.*, 655 F.3d at 362; *Evans*, 449 F.3d at 1167; *accord* PFRD at p. 26 ("Nothing in the complaint suggests that the conduct of any local defendant is related to the conduct of any other defendant . . . The fact that all the Defendants acted the same—they all failed to recognize medical cannabis as a medically necessary behavioral/mental health service— is not sufficient to satisfy the 'significant basis' component of the local controversy exception."); *compare with Lax*, 2022 U.S. App. LEXIS 19279, at *25 (finding the "significant basis" element was met because, among other reasons, "[t]he complaint thoroughly describes [the local defendant's] role in the alleged scheme, which includes alleged misrepresentations and material omissions made by [the local defendant]").[7]

Plaintiffs also fail to meet the significant basis element because they fail to allege any facts showing that a local defendant's conduct affects "all or a significant portion of the putative class." *Barreras v. Travelers Home & Marine Ins. Co.*, No. 12–cv–0354, 2012 U.S. Dist. LEXIS 200819,

---

[7] Confusingly, when purportedly discussing the significant basis element, Plaintiffs argue that "[w]here the plaintiffs seek damages equally in the allegations of the complaint against all defendants, the plaintiffs seek significant relief from the local defendant(s), satisfying the significant relief requirement." *See* Objections at p. 9. This has nothing to do with the significant basis element.

at *15–16 (D.N.M. Oct. 17, 2012); Defendants' Opposition to Remand at pp. 15–17. Defendants

incorporate these arguments as though fully set forth herein.[8]

## VII.   PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING THE LOCAL CONTROVERSY EXCEPTION.

Plaintiffs bear the burden of proving that they are entitled to jurisdictional discovery.

*Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012). "Jurisdictional discovery

is not appropriate where there is only a 'low probability' that additional discovery would lead to

facts sufficient to support jurisdiction." *Id.* (citing *Bell Helicopter Textron, Inc. v. Heliqwest Int'l,*

*Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)). When the requested discovery is "'largely irrelevant

to the jurisdictional issues . . . before the court,'" the court should deny the request. *Id.* at 105.

Plaintiffs fail to meet their burden of proving that they are entitled to jurisdictional

discovery for at least three reasons. First, independent of CAFA and the local controversy

exception, the Court has jurisdiction over this case, so jurisdictional discovery is moot. Second,

Plaintiffs' requested discovery regarding the citizenship of the proposed class is irrelevant because

it would not provide supporting evidence that two-thirds of the class are New Mexico citizens.

Third, the significant relief and significant basis elements are dictated by the pleadings, not

discovery or extrinsic evidence, so any discovery regarding these elements is irrelevant.

### A.   **Plaintiffs' Requested Discovery on CAFA's Local Controversy Exception Is Moot.**

Plaintiffs' request for jurisdictional discovery is moot. They solely seek jurisdictional

discovery "on the CAFA issues of class citizenship and the significance of the local defendants."

---

[8] Because the PFRD recommended that (1) the Court exercise supplemental jurisdiction over state law claims and (2) the Court has jurisdiction under CAFA, the PFRD declined to reach the third basis for jurisdiction, substantial federal question under 28 U.S.C. § 1331. PFRD at n.10. Nevertheless, should this Court not adopt these first two findings, the Court should alternatively deny Plaintiffs' Motion to Remand based on the Court's substantial federal question jurisdiction, for each of the reasons stated in Defendants' Notice of Removal (ECF No. 1) at ¶¶ 30-41, and Defendants' Opposition to Remand (ECF 31) at pp. 17-27.

Objections at p. 2; *see id.*, at pp. 10–11. But as explained above and in the PFRD, independent of CAFA and the local controversy exception, the Court also has jurisdiction over this case under ERISA and 28 U.S.C. § 1367. *See supra*, pp. 4–6, 8–13; PFRD at pp. 5–14. Accordingly, the Court need not rely on CAFA to exercise jurisdiction over this case. *See id.* The Court and the parties should not waste further time and resources engaging in jurisdictional discovery on matters that are not relevant and necessary to determine whether the Court has jurisdiction over this case. *See Grynberg*, 490 F. App'x at 103–05; *Bell Helicopter Textron*, 385 F.3d at 1299.

**B.      Plaintiffs' Requested Discovery on the Citizenship of the Class Is Irrelevant.**

In addition, Plaintiffs' requested discovery would not fulfil their burden of proving that two-thirds of the class are New Mexico citizens for purposes of the local controversy exception. Specifically, Plaintiffs claim that they "can obtain the necessary limited discovery through a single deposition of the New Mexico Department of Health or Human Services Department on questions that would confirm the statutory requirements" for LECUA Qualified Patients. ECF No. 37 at p. 6. Yet merely "confirming the statutory requirements" for LECUA Qualified Patients does not satisfy Plaintiffs' burden of proving that more than two-thirds of the class are New Mexico citizens. *See supra*, pp. 14–17; *accord* PFRD at pp. 20–21 ("The proposed discovery, however, would just confirm the statutory requirements for becoming [a] LECUA Qualified Patient. [ECF No. 37 at pp. 6–7.] This 'evidence' still would be insufficient."). Plaintiffs' requested discovery regarding class citizenship will not "lead to facts sufficient to support jurisdiction," so the Court should deny it. *Grynberg*, 490 F. App'x at 103; *Bell Helicopter Textron*, 385 F.3d at 1299.

**C.      Plaintiffs' Request for Discovery to Support the Significant Relief and Significant Basis Elements Is Irrelevant.**

Independently, Plaintiffs' request for discovery cannot cure their failure to meet the significant relief and significant basis elements of the local controversy exception.

Under CAFA's plain language, the allegations in the pleadings determine whether the significant relief and significant basis elements are satisfied. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa), (bb) (the local defendant must be a defendant "from whom significant relief ***is sought*** by members of the plaintiff class" and "whose ***alleged conduct*** forms a significant basis for the claims asserted by the proposed plaintiff class") (emphasis added)). Accordingly, federal courts focus on the pleadings—not extrinsic evidence or discovery—to evaluate the significant relief and significant basis elements. *E.g.*, *Lax*, 2022 U.S. App. LEXIS 19279, at *24–32 (focusing on the allegations in the pleadings and applying the *Iqbal/Twombly* plausibility standard to evaluate the significant basis and significant relief elements); *Coffey*, 581 F.3d at 1245 (focusing on the allegations in the complaint when determining whether a company was a significant local defendant); *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1166 ("The Tenth Circuit held that a district court should focus on the complaint when addressing" the significant relief element); *Barreras*, 2012 U.S. Dist. LEXIS 200819, at *13 ("Courts are directed to look to the allegations of the complaint to determine whether the local defendant is a significant one."); *accord Christmas v. Union Pac. R.R. Co.*, 698 F. App'x 887, 889 (9th Cir. 2017) (refusing to consider extrinsic evidence to evaluate the significant relief or significant basis elements, and holding, "Although district courts may consider other evidence to make jurisdictional decisions with respect to other CAFA provisions, for the purposes of the local controversy exception 'the district court is to look to the complaint *rather* than to extrinsic evidence.'") (citation omitted) (emphasis in original) (cited by Plaintiffs).[9]

---

[9] Plaintiffs misleadingly cite to dicta in *Christmas* to supposedly support their request for jurisdictional discovery, *see* Objections at p. 11, but the *Christmas* court refused to grant jurisdictional discovery regarding the significant relief or significant basis elements.

Plaintiffs have no authority suggesting that the Court should look beyond the pleadings—much less grant Plaintiffs unspecified jurisdictional discovery—to support the significant relief or significant basis elements to the local controversy exception that they fail to meet. *See* Objections, pp. 10–11. Because such discovery is "'largely irrelevant to the jurisdictional issues . . . before the court,'" the Court should deny it. *Grynberg*, 490 F. App'x at 105.

## CONCLUSION

The 29–page PFRD, issued after nine briefs, and a 2.5 hour in person oral argument, is legally and factually correct. Accordingly, the Court should adopt the PFRD, deny Plaintiffs' Motion to Remand and Second Motion to Remand, exercise jurisdiction over this case, and award any further relief the Court deems appropriate.

Dated:  February 21, 2024        Respectfully submitted,

*/s/ Wade L. Jackson*
Wade L. Jackson
Alexander G. Elborn
SUTIN, THAYER & BROWNE, APC
P.O. Box 1945
Albuquerque, New Mexico 87103-1945
Phone: (505) 883-2500
wlj@sutinfirm.com
age@sutinfirm.com

Martin J. Bishop (admitted *pro hac vice*)
Jason T. Mayer (admitted *pro hac vice*)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Phone: (312) 207-1000
mbishop@reedsmith.com
jmayer@reedsmith.com

*Attorneys for Blue Cross and Blue Shield of New Mexico, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company*

/s/ *Alfred A. Park*
Alfred A. Park
PARK & ASSOCIATES, LLC
3840 Masthead St. NE
Albuquerque, NM 87109
Telephone: (505) 246-2805
apark@parklawnm.com

Christopher Smith (admitted *pro hac vice*)
Melissa Z. Baris (admitted *pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
Telephone: (314) 480-1500
Chris.Smith@huschblackwell.com
Melissa.Baris@huschblackwell.com

*Attorneys for Defendant Western Sky*
*Community Care, Inc.*

/s/ *Linda M. Vanzi*
Linda M. Vanzi
Melanie B. Stambaugh
RODEY, DICKASON, SLOAN, AKIN
& ROBB, P.A
P.O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
lvanzi@rodey.com
mstambaugh@rodey.com

*Attorneys for Defendants Presbyterian Health*
*Plan, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Alex G. Elborn, HEREBY CERTIFY that on February 21, 2024, the foregoing document was electronically filed through the District of New Mexico's CM/ECF system, which caused all counsel of record to be served by electronic means.

SUTIN, THAYER & BROWNE,
A Professional Corporation

By: <u>*/s/ Alex G. Elborn*</u>